UNITED STATES BANKRUPTCY COURT
DISTRICT COURT OF NORTH DAKOTA

* * * * *

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30154 |
| | ) | |
| | ) | (Chapter 7) |
| Michael P. Dolbec | ) | |
| | ) | |
| Debtor. | ) | |
| Beacon Sales Acquisitions, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 25-07022 |
| | ) | |
| v. | ) | |
| | ) | |
| Michael P. Dolbec | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN OPPOSITION TO MOTION TO DISMISS**

On August 20th, 2025, Defendant filed and served a motion to dismiss the complaint which initiated this adversary proceeding. *See* DE #6. As discussed herein, Defendant's claim that Plaintiff has failed to state a claim upon which relief can be granted is without merit, and should respectfully be rejected.

    **I.**    **Plaintiff has filed an Amended Complaint, Which Makes Defendant's Motion Moot.**

As an initial matter, Plaintiff has filed contemporaneously with this brief, a proposed Amended Complaint, via motion. However, Rule 15(a)(1) of the Federal Rules of Civil

1

Procedure allows an amendment once as a matter of course and given the proceedings on file with the Court, Plaintiff's right to file said Amended Complaint should not be in dispute. Filing of an amended complaint renders a defendant's motion to dismiss the original complaint moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952 (8th Cir. 2002), 956. Federal Rule of Bankruptcy P. 7015 makes Fed. R. Civ. P. 15 applicable in an adversarial proceeding. As Beacon expressly asked for the mandatory amendment in its briefing, and alternatively under the Court's discretionary standard, the pending motion to dismiss is moot.

II.     **Standard for Dismissal Under Rule 12(b)(6)**

Even if the motion is not moot, Beacon's Complaint should not be dismissed. Dismissal is appropriate "only if the plaintiff fails to 'provide factual allegations sufficient to raise a right to relief above the speculative level.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007; *see also Patel v. Contempt. Classics of Beverly Hills*, 259 F.3d 123, 136 (2d Cir. 2001) ("The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief."). Only a short plain statement of the claim showing that the pleader is entitled to relief is required by Fed. R. Civ. P. 8(a)(2), and specific facts are not necessary; the complaint only give defendant fair notice of what the claim is, and the grounds upon which it rests. *Adia v. Grandeur Mgmt.*, 933 F.3d 89, 92 (2d Cir. 2019); Fed. R. Civ. P. 8(a)(2). "In deciding a motion to dismiss, the Court should assume the factual allegations are true and determine whether, when read together, the plausibly give rise to an entitlement of relief." *Tese-Milner v. Lockton Cos.*, 2023 Bankr. LEXIS 505, *7 (Bankr. S.D.NY. 2023) (internal quotation omitted). Here Beacon's complaint provides Defendant with fair notice of each claim and the grounds upon which each rests. Specifically, the Complaint, especially the proposed Amended

2

Complaint, makes it clear that Beacon is seeking damages as a result of Dolbec's fraudulent misrepresentation to property owners that suppliers had been paid, and that Dolbec caused his counsel to issue a statement that property owners had been provided with valid lien waivers and made payment which resulted in an impairment of Beacon's right to obtain payment for supplies it provided for Windsong's construction projects. As such, the Motion to Dismiss should be denied.

**III.     Plaintiff's Amended Complaint Cures any Standing Concerns.**

A major portion of Dolbec's Motion focuses on the fact that the Complaint inadvertently filed with the Court as DE #2 implies a frustration of the rights of Windsong, a non party to this suit. Dolbec fairly notes that there is inconsistencies in DE #2 as to who Beacon is alleging was actually injured, and that Beacon appeared to be seeking to redress a frustration of "Windsong's lien rights". Complaint, DE #2 ¶15. The initial Complaint, filed as DE #1, and the proposed Amended Complaint, make it clear that Beacon is seeking redress from harms caused to its own lien rights, and direct financial damages as a result of Dolbec's actions. *See* proposed Amended Complaint Ex. 1 to Brief in Support of Motion to Amend at DE #10:

17. Said lien waivers provided that suppliers and subcontractors of Windsong had been paid in full.

18. At least as to Beacon, it had not been paid in any amount, and Dolbec was well aware of this fact. Dolbec, through counsel, made materially false statements to Beacon that valid and enforceable lien waivers had been provided to home owners, and payment in full on supplies provided by Beacon had been made. Beacon relied on these statements in not proceeding with lien enforcement.

3

19. Windsong, through Dolbec made materially false and misleading statements to property owners that contractors would be paid, or were paid, and thereby induced property owners to make payment to Windsong, and therefore Dolbec, in frustration of Beacon's right to payment on said materials. Dolbec, through his entity utilized payments due and owing for the materials provided by Beacon in a manner that did not result in payment to Beacon.

20. Dolbec proceeded in this manner for the purpose of obtaining and retaining funds for his own personal use, as opposed to Windsong making payment to Beacon and other creditors on materials that were purchased for various construction projects.

Beacon has clarified that it is asserting damages incurred as a proximate cause of Dolbec's actions. Accordingly, his motion to dismiss on standing grounds should be denied.

### IV. Plaintiff Has Set Forth Sufficient Factual Support for Its Claim that Defendant's Debt is non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

The proposed Amended Complaint clarifies that Mr. Dolbec made several false statements including statements to property owners, and statements to Beacon through counsel. *SeeR & R Ready Mix v. Freier (In re Freier)*, 604 F.3d 583, 587 (8th Cir. 2010) (setting forth the five elements of fraud under Section 523(a)(2)(A): "(1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made.")

With respect to prong 1, Windsong has alleged Dolbec made representations to property owners who had received the benefits of supplies provided by Beacon both that subcontractors and suppliers were or had been paid in full. See Proposed Amended Complaint, DE 10, pages 4-

4

5, ¶14-19.  *See also* Exhibit B to Proposed Amended Complaint, DE 10, pages 11-34.  Dolbec executed said receipt and waiver of lien rights, and it can equally be inferred that he told said property owners that materials furnished by the undersigned were paid for because he "affirmed" that said payments had been made.  Dolbec also made false statements that <u>valid</u> lien waivers had been provided to home owner, and as such Beacon's construction lien rights had been waived.  *Id*. at Exhibit A, page 8-9.  With respect to prong two, Dolbec certainly knew Beacon had not been paid in full, as alleged in ¶18, because he would have been the sole party responsible for making said payments as the sole owner of Windsong.

Regarding prong three, Dolbec's statements to property owners both by statements logically made that contractors had ben paid, and also by his affirmations contained in the lien waivers, were made with the intention of deceiving suppliers such as Beacon.  Said statements were incorporated into communications made to Beacon to induce Beacon from forbearing on its lien rights.  More directly though, the purpose of Dolbec in providing said communications to third parties in the first place was to deceive and defraud the parties actually entitled to those funds – suppliers and subcontractors. This Court has made note of situations where other Courts have relied on third party representations in similar contexts.  *See. Murray v. Altendorf (In re Altendorf),* Adversary No. 15-07003, Bankruptcy No. 14-30652 (Bankr. N.D. Jul 29, 2015)(citing to *Stallworth v. McBride (In re McBride),* 512 B.R. 103, 112 (Bankr. D. Mass. 2014) ("Although the courts usually articulate the test for establishment of a false representation under § 523(a)(2)(A) as requiring a false statement "to the creditor,". . . nothing in the language of the statute requires so narrow a construction. What the statute requires is a "debt . . . for [services] . . . obtained by . . . a false representation. 11 U.S.C. § 523(a)(2)(A)."); *Limberger v.*

5

*Cleary (In re Cleary),* 487 B.R. 633, 642 (Bankr. D. Md. 2013) ("It is not necessary that misrepresentations be communicated directly to the creditor so long as there is reason to expect that the creditor will rely on the misrepresentation and that her conduct will be detrimentally influenced thereby.").  Ultimately, under prong three both statements were made with the purpose of deceiving the creditor.

Under prong four, the creditor justifiably relied on Dolbec's statement that valid lien waivers had been provided, and ultimately that if full payment had been made it was subsequently justified in believing that payment for supplies provided would be forthcoming. Instead, under part 5, Beacon has been damaged due to Dolbec wrongfully appropriating funds as a result of false statements both to third parties, and to Beacon directly.  But for Dolbec's false representations, Beacon would have received the payment Dolbec claimed he actually provided, or at minimum lien rights regarding supplies provided.  Accordingly, Beacon's claim should not be dismissed.

**V.      The Willful and Malicious Injuries Stemming from Defendant's Actions Upon Beacon are Properly Pled**

Beacon has appropriately pled and provided factual support for the willful and malicious injuries under Section 523(a)(6).  Admittedly, a "breach of contract does not, in and of itself, preclude a discharge[,]" *In re Pille*, 2013 WL 8351984 *3 (S.D. Iowa 2013).  As noted by Dolbec, a Section 523 (a)(6) claims requires a showing of an independent, intentional tort. However, Beacon has pled more than a "reckless disregard of creditors' economic interests." The fraudulent scheme perpetrated by Dolbec involved ordering hundreds of thousands of dollars' worth of construction supplies from suppliers, and subsequently telling property owners that said suppliers were already paid for.  As a result, the property owners paid Windsong, and

6

thereby Dolbec, amounts due and owing, which Beacon should have received. *See* Proposed Amended Complaint, DE 10, pages 4-5, ¶14-19. *See also* Exhibit B to Proposed Amended Complaint, DE 10, pages 11-34. Dolbec and his company enacted a plan of action that was almost certain to cause Beacon harm in the form of lack of payment for the supplies, despite Dolbec's company directly benefitting from payment that was logically due and owing to Beacon. *Id*. *In re Thompson*, 686 F.3d 940, 947 (8th Cir. 2012). Dolbec furthered this scheme by causing his attorney to send a letter indicating that Beacon no longer had lien rights with respect to the property. At best, this indicated an attempt to increase his own profits, fully knowing he was violating Beacon's rights. As this Court has noted:

> While it may be true that one of Debtor's goals was to increase profits, the Bankruptcy Appellate Panel for the Eighth Circuit made clear that "[c]onduct which is certain or almost certain to cause financial harm to the creditor" in addition to the "debtor's knowledge that he or she is violating the creditor's legal rights," when taken together, is sufficient to establish a claim under section 523(a)(6). In re Logue, 294 B.R. at 63.

*Murray v. Altendorf (In re Altendorf),* Adversary No. 15-07003, Bankruptcy No. 14-30652 (Bankr. N.D. Jul 29, 2015), 14. Here, the facts alleged conduct that was almost certain to cause financial harm to Beacon, in violation of Beacon's right to obtain payment for supplies provided. This is not as simple as a contract breach whereby Dolbec or his company failed to pay for supplies, but rather Dolbec took affirmative action to obtain payment ultimately due and owing to Beacon, and absconded with the money. Accordingly, Beacon has established its claims under Section 523(a)(6) and therefore Debtor's motion should respectfully be dismissed.

## **CONCLUSION**

For all of the above-stated reasons, the Court should deny Dolbec's motion to dismiss. Dated this 24th day of September, 2025

7

OLSON & BURNS P.C.

*/s/ Ryan G. Quarne*
_____
Ryan G. Quarne (ID #07618)
Attorney for Plaintiff
17 First Avenue SE
P.O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
rgquarne@minotlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT COURT OF NORTH DAKOTA

\* \* \* \* \*

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30154 |
| | ) | |
| | ) | Chapter 7 |
| Michael P. Dolbec | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Beacon Sales **Acquisitions**, Inc. | ) | Adversary Proceeding No. 25-07022 |
| | ) | |
| | ) | |
| Plaintiff. | ) | |
| vs. | ) | |
| | ) | |
| Michael P. Dolbec | ) | |
| | ) | |
| Defendant | ) | |

CERTIFICATE OF SERVICE

**(11 U.S.C.§§ 523(A)(2) AND 523(A)(6))**

I, the undersigned, hereby certify that a true and correct copy of **(1) Brief in Opposition to Motion to Dismiss; and (2) this Certificate of Service** was served on the 24th of September by E-Service upon the following:

Christianna A. Cathcart                              Maurice VerStandig
christianna@dakotabankruptcy.com        mac@mbvesq.com

Dated this 24th day of September, 2025.

        OLSON & BURNS, P.C.

        */s/ Ryan G. Quarne*

        _____
        Ryan G. Quarne (ND Bar #07618)
        Attorney for Beacon Sales Acquisitions, Inc.
        PO Box 1180
        Minot, ND 58702-1180
        (701) 839-1740
        rgquarne@minotlaw.com