UNITED STATES BANKRUPTCY COURT
DISTRICT COURT OF NORTH DAKOTA

\* \* \* \* \*

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30154 |
| | ) | |
| | ) | Chapter 7 |
| Michael P. Dolbec | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Beacon Sales Acquisitions, Inc. | ) | Adversary Proceeding No. 25-07022 |
| | ) | |
| | ) | |
| Plaintiff. | ) | |
| vs. | ) | |
| | ) | |
| Michael P. Dolbec | ) | |
| | ) | |
| Defendant | ) | |

**STIPULATION FOR EXTENSION OF DEADLINE TO DO DEPOSITIONS AND FILE**

**DISCOVERY MOTIONS**

1.0    This Stipulation is entered into between the Debtor and Defendant, Michael P. Dolbec ("Dolbec"), by and through his attorney of record, Maurice B. VerStandig, and Beacon Sales Acquisitions, Inc. ("Beacon") and its attorney of record, Ryan G. Quarne. Whereas, on December 16, 2025, the parties stipulated to, and the Court entered an order providing among other things that the parties are to have until 7/14/2026 to complete fact and expert discovery and file expert motions.

2.0    On June 11, 2026 – counsel for Beacon served written discovery requests upon Dolbec through his counsel.  On June 26, 2026, counsel for Beacon contacted counsel for Dolbec to arrange for depositions prior to the close of discovery, inquired about dates, but also noting that perhaps the written discovery responses would be sufficient.  In order to preserve resources and avoid incurring unnecessary attorney fees – the parties discussed informally extending discovery deadlines to do depositions by zoom.  In order to comply with the discovery rules, and pursuant to rule 29 of the Federal Rules of Civil Procedure, the parties wish to formally extend the discovery deadlines for the limited purpose of completing depositions, any related or necessary discovery motions.

3.0    Good Cause exists for granting this extension, as the parties had time and availability to perform depositions before the close of discovery but have sought to complete them subsequent to July 13  in order to potentially avoid unnecessary costs and expenses in this matter.  Further, until May of 2026, the trustee in the underlying bankruptcy had requested multiple extensions to potentially file an objection to discharge.  Withholding from conducting significant discovery earlier avoided potentially incurring fees for both sides without good reason at the time.  Further, the parties only seek to extend deposition

deadlines and discovery motion deadlines until August 14, 2026. This gives parties time prior to the August 31, 2026 dispositive motion deadline to resolve any discovery disputes, and complete depositions. As such, it will not interfere with the scheduled trial date, or any of the other deadlines in this matter.

**4.0**    Now therefore, it is hereby stipulated that the parties agree that the Scheduling and Discovery Order is modified that the parties are allowed until 8/14/2026 to complete fact depositions, and to file any necessary discovery motions.

**5.0**    The parties respectfully request that the Court enter an order approving this stipulation and extending the deadlines as stipulated to herein.

Dated this 14th day of July, 2026

OLSON & BURNS P.C.

/s/ Ryan G. Quarne
Ryan G. Quarne (ID #07618)
Attorney for Plaintiff
17 First Avenue SE
P.O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
rgquarne@minotlaw.com

Dated this 14th day of July, 2026

The Dakota Bankruptcy Firm

/s/  Maurice B. Verstandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served

electronically upon filing via the ECF system on this 14th day of July, 2026

OLSON & BURNS P.C.

/s/Ryan G. Quarne
Ryan G. Quarne (ID #07618)
Attorney for Plaintiff
17 First Avenue SE
P.O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
rgquarne@minotlaw.com