# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into as of November ___, 2026, by and among Beacon Sales Acquisitions, Inc. ("Beacon"); Michael P. Dolbec, an individual and the debtor in the Bankruptcy Case defined below ("Dolbec"); and Windsong Contracting, LLC ("Windsong"). Beacon, Dolbec, and Windsong are each a "Party" and collectively the "Parties."

## RECITALS

**A.** Dolbec commenced a Chapter 7 bankruptcy case captioned *In re Michael P. Dolbec*, Case No. 25-30154, in the United States Bankruptcy Court for the District of North Dakota (the "Bankruptcy Court" and the "Bankruptcy Case"). Beacon commenced the related adversary proceeding captioned *Beacon Sales Acquisitions, Inc. v. Michael P. Dolbec*, Adversary Proceeding No. 25-07022 (the "Adversary Proceeding").

**B.** In the Adversary Proceeding, Beacon seeks a determination that certain indebtedness allegedly owed by Dolbec is nondischargeable. Dolbec disputes Beacon's allegations and denies liability.

**C.** Beacon alleges that Windsong purchased construction materials from Beacon on credit pursuant to a Credit Application and Business Credit Agreement (the "Credit Agreement") dated on or about April 22, 2022, and that Dolbec executed a personal guaranty relating to Windsong's indebtedness.

**D.** Beacon, Windsong, and Dolbec are also parties to an action pending in Williams County, North Dakota, captioned Beacon Sales Acquisitions, Inc. v. Windsong Contracting, LLC et al., Case No. 53-2024-CV-00821 (the "State-Court Action").

**E.** Windsong has asserted counterclaims against Beacon in the State-Court Action, and Beacon has asserted claims against Windsong and Dolbec, including a breach-of-contract claim against Windsong.

**F.** The Parties dispute the facts, claims, defenses, damages, and legal issues presented in the Bankruptcy Case, the Adversary Proceeding, and the State-Court Action. The Parties desire to resolve those disputes without further litigation expense, delay, or uncertainty and without any admission of liability, except for the obligations expressly established by this Agreement and the judgments contemplated by it.

**G.** This Agreement is subject to approval by the Bankruptcy Court and entry of the Bankruptcy Judgment defined below.

For good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

## Article 1 — Definitions

**I. Bankruptcy Approval Order.** "Bankruptcy Approval Order" means an order entered by the Bankruptcy Court approving this Agreement and authorizing the Parties to perform their respective obligations under it.

**II. Bankruptcy Judgment.** "Bankruptcy Judgment" means the stipulated order or consent judgment entered in the Adversary Proceeding that:

**A.** enters judgment in favor of Beacon and against Dolbec in the original principal amount of $12,500.00;

**B.** determines that the Settlement Obligation is not discharged, and is not subject to discharge, in the Bankruptcy Case, by Dolbec's consent and without any finding of fraud, false pretenses, false representation, or willful and malicious injury;

C. provides that Beacon may enforce the unpaid balance of the Settlement Obligation in accordance with this Agreement; and

D. resolves and dismisses with prejudice the claims asserted by Beacon against Dolbec in the Adversary Proceeding, subject to Beacon's continuing rights under this Agreement and the Bankruptcy Judgment.

**III. Court Approval Date.** "Court Approval Date" means the date on which the Bankruptcy Court enters both the Bankruptcy Approval Order and the Bankruptcy Judgment.

**IV. Released Claims.** "Released Claims" means the claims released under Article 7.

**V. Settlement Obligation.** "Settlement Obligation" means Dolbec's obligation to pay Beacon $12,500.00 under this Agreement and the Bankruptcy Judgment, less all payments actually received and finally retained by Beacon on account of that obligation.

**VI. State-Court Dismissal Stipulation.** "State-Court Dismissal Stipulation" means the stipulation attached as Exhibit A providing for:

A. dismissal with prejudice of all claims asserted by Beacon against Dolbec in the State-Court Action; and

B. dismissal with prejudice of all counterclaims asserted by Windsong against Beacon in the State-Court Action.

**VII. State-Court Judgment.** "State-Court Judgment" means the findings and judgment attached as Exhibit B, entered in favor of Beacon and against Windsong on Beacon's breach-of-contract claim in the State-Court Action in the principal amount of $231,501.29, together with any other relief expressly stated in Exhibit B.

**VIII. Transactions and Litigation.** "Transactions and Litigation" means:

A. the Credit Agreement, personal guaranty, invoices, accounts, payments, lien notices, lien waivers, and communications relating to those materials;

B. the claims, counterclaims, defenses, and allegations asserted or that could have been asserted among the Parties arising from those transactions; and

C. the Bankruptcy Case, the Adversary Proceeding, and the State-Court Action.

**Article 2 — Settlement Obligation and Bankruptcy Judgment**

I. **Settlement Amount.** In full settlement of Beacon's claims against Dolbec arising from the Transactions and Litigation, Dolbec shall pay Beacon $12,500.00 in accordance with Article 3.

II. **Consent to Money Judgment.** Dolbec knowingly and voluntarily consents to entry of the Bankruptcy Judgment in favor of Beacon and against Dolbec for $12,500.00. The Bankruptcy Judgment shall be reduced by each payment actually received and finally retained by Beacon on account of the Settlement Obligation.

III. **Nondischargeability.** Dolbec agrees, and the Bankruptcy Judgment shall provide, that the Settlement Obligation and the unpaid balance of the Bankruptcy Judgment are nondischargeable in the Bankruptcy Case.

IV. **No Admission.** The Settlement Obligation is a compromise of disputed claims. Neither this Agreement nor the Bankruptcy Judgment constitutes an admission by Dolbec of any factual allegation, wrongdoing, fraud, willful or malicious conduct, or other liability alleged by Beacon.

V. **Credit and No Double Recovery.** Each payment actually received and finally retained by Beacon on account of the Settlement Obligation shall be credited against the State-

Court Judgment. Beacon shall not enforce the State-Court Judgment against Dolbec or his property, and Beacon shall not recover from Dolbec, under the personal guaranty or any other theory arising from the Transactions and Litigation, any amount exceeding the Settlement Obligation. Except for the Settlement Obligation, any debt Dolbec owed to Beacon as of the commencement of the Bankruptcy Case is subject to Dolbec's discharge in the Bankruptcy Case.

**Article 3 — Payment Terms**

I. **Payment Schedule.** Dolbec shall pay the Settlement Obligation to Beacon in twelve consecutive monthly installments as follows:

A. eleven monthly installments of $1,041.67 each; and

B. one final monthly installment of $1,041.63.

II. **First Payment and Monthly Due Date.** The first installment is due on December 1, 2026. Each subsequent installment is due on the first day of each succeeding calendar month, with the final installment due on November 1, 2027.

III. **Payment Method.** Payments shall be delivered to:

Beacon Sales Acquisitions, Inc.
Attention: Mike Born
Reference: Michael P. Dolbec Settlement
Beacon may change its payment instructions by written notice to Dolbec.

IV. **Application of Payments.** Payments shall be applied to the outstanding principal balance of the Settlement Obligation. No interest shall accrue on the Settlement Obligation while Dolbec complies with this Agreement.

V. **Prepayment.** Dolbec may prepay all or any portion of the Settlement Obligation without premium or penalty.

VI. **Final Payment Adjustment.** If the unpaid balance is less than the scheduled final installment because of a prepayment or credit required under this Agreement, the final installment shall equal only the remaining unpaid balance.

**<u>Article 4 — Forbearance and Default</u>**

I. **Forbearance by Beacon.** Provided that Dolbec makes each payment when due and otherwise complies with this Agreement, Beacon shall forbear from executing upon, garnishing, levying upon, recording, domesticating, or otherwise enforcing the Bankruptcy Judgment against Dolbec.

II. **Scope of Forbearance.** Beacon's forbearance:

A. applies only to enforcement of the Bankruptcy Judgment against Dolbec;

B. does not release, satisfy, extinguish, or impair the Bankruptcy Judgment or Settlement Obligation before payment in full;

C. does not prohibit Beacon from receiving voluntary payments or maintaining records of the Bankruptcy Judgment; and

D. does not restrict Beacon's rights concerning the State-Court Judgment, except as expressly provided in Article 2.V.

III. **Default.** Dolbec is in default if:

A. a required payment is not received when due and is not received within seven calendar days after Dolbec receives written notice of the nonpayment from Beacon; or

B. Dolbec materially breaches another obligation under this Agreement and fails to cure that breach within seven calendar days after receiving written notice from Beacon describing the breach.

IV. **Enforcement Following Default.** Upon an uncured default, Beacon's forbearance shall terminate automatically, and Beacon may immediately enforce the Bankruptcy Judgment for the then-unpaid balance of the Settlement Obligation, subject to all credits required by this Agreement. No additional action or judgment establishing Dolbec's liability shall be required.

V. **No Waiver.** Beacon's acceptance of a late or partial payment does not waive any default or modify the payment schedule unless Beacon expressly agrees in a signed writing. A waiver of one default is not a waiver of any other default.

VI. **Satisfaction.** Within fourteen business days after Beacon receives and finally retains payment in full of the Settlement Obligation, Beacon shall file in the Adversary Proceeding a satisfaction of the Bankruptcy Judgment, deliver a copy to Dolbec, and execute any other document reasonably necessary to evidence satisfaction of the Bankruptcy Judgment.

## Article 5 — Bankruptcy-Court Approval and Adversary Proceeding

I. **Submission for Approval.** Promptly after execution of this Agreement, Beacon and Dolbec shall execute and file in the Adversary Proceeding a stipulated motion requesting approval of this Agreement and entry of the Bankruptcy Approval Order and Bankruptcy Judgment.

II. **Condition Precedent.** Except for the Parties' obligations to seek Bankruptcy Court approval, preserve the status quo, and refrain from actions inconsistent with this Agreement, the settlement contemplated by this Agreement is conditioned upon entry of the Bankruptcy Approval Order and Bankruptcy Judgment.

III. **No Premature Dismissal.** Beacon's dismissal or resolution of its claims against Dolbec in the Adversary Proceeding shall not become effective unless and until the Court Approval Date. Entry of the Bankruptcy Judgment shall preserve Beacon's right to enforce the

Settlement Obligation and the Bankruptcy Judgment notwithstanding dismissal or resolution of the underlying claims.

**IV. Cooperation.** Each Party shall reasonably cooperate in obtaining Bankruptcy Court approval and shall execute documents reasonably necessary to implement the settlement on terms consistent with this Agreement.

**V. Failure to Obtain Approval.** If the Bankruptcy Court denies approval of this Agreement or declines to enter the Bankruptcy Judgment in substantially the agreed form, and the Parties do not agree in writing to acceptable revisions within seven days, this Agreement shall terminate. In that event:

**A.** no release, dismissal, judgment, or payment obligation contemplated by this Agreement shall become effective;

**B.** any payment previously made by Dolbec under this Agreement shall be returned within seven business days;

**C.** the Parties shall retain their respective claims, counterclaims, defenses, and rights as though this Agreement had not been executed; and

**D.** this Agreement shall not be admissible to establish liability, damages, or the validity or invalidity of any disputed claim.

**<u>Article 6 — State-Court Dispositions</u>**

**I. Execution of State-Court Documents.** Concurrently with this Agreement, the Parties shall execute or approve the State-Court Dismissal Stipulation attached as Exhibit A and the proposed State-Court Judgment attached as Exhibit B.

**II. Filing Sequence.** Promptly after the Court Approval Date, the Parties shall submit the following documents in the State-Court Action:

A. the State-Court Dismissal Stipulation, dismissing with prejudice Beacon's claims against Dolbec and Windsong's counterclaims against Beacon; and

B. the proposed findings and State-Court Judgment in favor of Beacon and against Windsong on Beacon's breach-of-contract claim.

III. **Judgment Against Windsong.** Windsong knowingly and voluntarily stipulates to entry of the State-Court Judgment in favor of Beacon and against Windsong in the principal amount of $231,501.29, which shall be the amount sought in Beacon's complaint in the State-Court Action.

IV. **No Admission Beyond Judgment.** Windsong's consent to the State-Court Judgment is a negotiated settlement of disputed claims and is not an admission of any allegation except Windsong's consent to the findings and relief expressly stated in Exhibit B.

V. **Condition to Dolbec Dismissal.** Beacon shall not be required to file or make effective its dismissal of claims against Dolbec in the State-Court Action before the Court Approval Date.

VI. **Manufacturer Claims Preserved.** Nothing in this Agreement, the State-Court Dismissal Stipulation, or the State-Court Judgment releases, impairs, adjudicates, or otherwise affects any independent claim Windsong may possess against the manufacturer of the windows or other materials at issue in the Transactions and Litigation. No manufacturer is released by this Agreement solely by reason of its status as a manufacturer.

## Article 7 — Releases

I. **Release by Beacon.** Effective upon entry of the State-Court Judgment and the dismissals required by Exhibit A, Beacon, for itself and its predecessors, successors, and assigns, releases and forever discharges Dolbec and Windsong, and their respective heirs, current and

former members, managers, officers, employees, agents, representatives, successors, and assigns, from all claims, demands, liabilities, obligations, damages, and causes of action, whether known or unknown, that Beacon asserted or could have asserted arising from or relating to the Transactions and Litigation.

**II. Release by Dolbec.** Effective upon entry of the State-Court Judgment and the dismissals required by Exhibit A, Dolbec, for himself and his heirs, representatives, successors, and assigns, releases and forever discharges Beacon and its current and former parents, subsidiaries, affiliates, officers, directors, employees, agents, representatives, attorneys, and successors and assigns from all claims, demands, liabilities, obligations, damages, and causes of action, whether known or unknown, that Dolbec asserted or could have asserted arising from or relating to the Transactions and Litigation.

**III. Release by Windsong.** Effective upon entry of the State-Court Judgment and the dismissals required by Exhibit A, Windsong, for itself and its predecessors, successors, assigns, members, and managers, releases and forever discharges Beacon and its current and former parents, subsidiaries, affiliates, officers, directors, employees, agents, representatives, attorneys, and successors and assigns from all claims, counterclaims, demands, liabilities, obligations, damages, and causes of action, whether known or unknown, that Windsong asserted or could have asserted arising from or relating to the Transactions and Litigation.

**IV. Excluded Matters.** The releases in this Article do not apply to:

**A.** obligations created by this Agreement;

**B.** rights or obligations created by the Bankruptcy Approval Order, Bankruptcy Judgment, State-Court Dismissal Stipulation, or State-Court Judgment;

**C.** claims to interpret, implement, or enforce those documents;

D. Windsong's independent claims against the window or materials manufacturer preserved under Article 6.VI; or

E. claims that cannot lawfully be released.

**Article 8 — Fees and Costs**

I. **Own Fees and Costs.** Each Party shall bear its own attorneys' fees, professional fees, expenses, and taxable or nontaxable costs incurred in connection with the Transactions and Litigation, negotiation and performance of this Agreement, and preparation and submission of the related court documents.

II. **No Fee-Shifting.** Unless the Parties later agree otherwise in a signed writing, each Party shall bear its own attorneys' fees and costs in any proceeding to interpret or enforce this Agreement or a judgment contemplated by it.

**Article 9 — Representations and Covenants**

I. **Authority.** Each individual signing this Agreement represents that the individual has authority to execute and bind the Party for whom the individual signs.

II. **Ownership of Claims.** Each Party represents that it has not assigned or transferred any claim released by that Party under this Agreement.

III. **Voluntary Agreement.** Each Party acknowledges that it has read this Agreement, understands its terms, has had the opportunity to consult independent counsel, and enters into it knowingly and voluntarily.

IV. **No Reliance.** No Party relies upon any statement, promise, or representation not expressly contained in this Agreement.

V. **Further Assurances.** Each Party shall execute and deliver additional documents and take reasonable actions necessary to effectuate this Agreement, provided that no Party is required to assume any material obligation beyond those stated here.

**<u>Article 10 — Miscellaneous</u>**

I. **Governing Law.** Federal bankruptcy law governs the Bankruptcy Judgment and issues within the Bankruptcy Court's jurisdiction. North Dakota law governs all other issues arising from this Agreement, without regard to conflict-of-law principles.

II. **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to interpret and enforce this Agreement and the Bankruptcy Judgment to the extent permitted. The court presiding over the State-Court Action shall retain jurisdiction over the State-Court Judgment and State-Court Dismissal Stipulation.

III. **Notices.** A notice under this Agreement must be in writing and delivered personally, by nationally recognized overnight courier, or by United States mail, return receipt requested, and is effective upon actual delivery or refusal of delivery at the applicable address below:

**A.** If to Beacon:

Beacon Sales Acquisitions, Inc.
9800 13th Ave N. Plymouth MN 55441
Attention: Mike Born

**B.** If to Dolbec:

Michael P. Dolbec
PO Box 7, Devils Lake, ND 58301

**C.** If to Windsong:

Windsong Contracting, LLC
PO Box 7, Devils Lake, ND 58301
Attention: Michael Doblec

IV. **Entire Agreement.** This Agreement, including its exhibits and the court documents contemplated by it, constitutes the entire agreement among the Parties concerning its subject matter and supersedes all prior or contemporaneous negotiations, communications, proposals, and understandings concerning that subject matter.

V. **Amendment.** This Agreement may be amended only by a writing signed by all Parties and, after the Court Approval Date, approved by the Bankruptcy Court if approval is required.

VI. **Assignment.** Dolbec and Windsong may not assign their obligations under this Agreement without Beacon's prior written consent. Beacon may assign its rights under this Agreement and the resulting judgments upon written notice to Dolbec and Windsong, subject to all defenses, credits, and limitations contained in this Agreement.

VII. **Successors and Assigns.** This Agreement binds and benefits the Parties and their respective permitted successors and assigns.

VIII. **Severability.** If a provision of this Agreement is held unenforceable, the remaining provisions shall remain effective, and the unenforceable provision shall be modified only to the minimum extent necessary to make it enforceable while preserving the Parties' intent.

IX. **No Construction Against Drafter.** This Agreement is the product of negotiation and shall not be construed against any Party as its drafter.

X. **Counterparts and Electronic Signatures.** This Agreement may be executed in counterparts, each of which is deemed an original and all of which constitute one instrument. Electronic signatures and electronically transmitted counterparts shall have the same effect as originals.

XI. **Headings.** Headings are for convenience only and do not affect interpretation.

XII. **Effective Date.** The Parties' obligation to seek approval begins upon execution by all Parties. Except as otherwise expressly stated, the settlement terms, releases, dismissals, consent judgments, and forbearance obligations become effective on the Court Approval Date.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates stated below.

**BEACON SALES ACQUISITIONS, INC.**

By: Michael Born

Name: Michael Born

Title: Senior Director of Credit

Date: 11/18/26

**MICHAEL P. DOLBEC**

---

Michael P. Dolbec

Date: ______________________________

**WINDSONG CONTRACTING, LLC**

By: ______________________________

Name: Michael Dolbec

Title: President

Date: ______________________________

**XII. Effective Date.** The Parties' obligation to seek approval begins upon execution by all Parties. Except as otherwise expressly stated, the settlement terms, releases, dismissals, consent judgments, and forbearance obligations become effective on the Court Approval Date.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates stated below.

**BEACON SALES ACQUISITIONS, INC.**

By: ______________________

Name: Michael Born

Title: Senior Director of Credit

Date: 11/18/26

**MICHAEL P. DOLBEC**

Michael P. Dolbec

Date: 11.19.26

**WINDSONG CONTRACTING, LLC**

By: ______________________

Name: Michael Dolbec

Title: President

Date: 11.19.26

STATE OF NORTH DAKOTA — IN DISTRICT COURT

COUNTY OF WILLIAMS — NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| Beacon Sales Acquisitions, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Windsong Contracting, LLC, and Michael Dolbec<br><br>Defendants. | Case No.: 53-2024-CV-000821<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AGAINST WINDSONG CONTRACTING, LLC; TO DISMISS WINDSONG CONTRACTING, LLC'S COUNTERCLAIMS, AND TO DISMISS PLAINTIFF'S CLAIMS AGAINST MICHAEL DOLBEC** |

[¶1] IT IS HEREBY STIPULATED, by and between Beacon Sales Acquisitions, Inc., Windsong Contracting, LLC, and Michael Dolbec as follows:

**DISMISSAL WITH PREJUDICE OF WINDSONG CONTRACTING, LLC'S COUNTERCLAIMS AND OF BEACON SALES ACQUISITIONS, INC.'S CLAIMS AGAINST MICHAEL DOLBEC**

[¶2] Pursuant to North Dakota Rule of Civil Procedure 41, the Parties hereby stipulate and agree that all of Windsong Contracting, LLC's claims against Beacon Sales Acquisitions, Inc. are hereby dismissed with prejudice. The Parties further stipulate and agree that Beacon Sales Acquisitions, Inc.'s claims against Michael Dolbec are hereby dismissed with prejudice. This dismissal does not affect the stipulated judgment entered in Beacon Sales Acquisitions, Inc v. Michael P. Dolbec, Case No. 25-07022, in the United States Bankruptcy Court for the District of North Dakota. This stipulation is without costs to or fees to any of the parties to this action.

OLSON & BURNS, P.C.
P.O. BOX 1180
MINOT, ND 58702-1180



EXHIBIT A

**STIPULATION FOR ENTRY OF JUDGMENT REGARDING BEACON SALES ACQUISITIONS, INC.'S BREACH OF CONTRACT CLAIM AGAINST WINDSONG CONTRACTING, LLC**

[¶3] It is hereby stipulated as follows:

[¶4] Beacon Sales Acquisitions, Inc. ("Beacon") is in the business of supplying building materials to contractors and individuals to complete construction projects.

[¶5] Windsong Contracting, LLC ("Windsong") is an entity that constructs buildings such as residential homes in the State of North Dakota.

[¶6] On or about April 22, 2022, Beacon and Windsong entered into a Credit Application and Business Credit Agreement whereby Beacon agreed to allow Windsong to purchase various construction materials on credit at its facilities. A true and correct copy is on file with the Court, and is incorporated by reference herein.

[¶7] Throughout the course of its business relationship, Windsong purchased construction materials from Beacon having good and considerable value in the amount of $231,501.29. Windsong has not paid Beacon the amount due and owing.

[¶8] The Court has jurisdiction over the subject matter of this action and of that of the parties.

[¶9] Beacon and Windsong had a valid contract, and as such Windsong is liable to Beacon under the contract in the amount of $231,501.29 and has not paid the amount due and owing. As a result, Beacon is entitled to damages in the amount of $231,501.29 for its breach of contract claim. Beacon's remaining claims against Windsong are dismissed.

[¶10] The parties stipulate that judgment may be entered accordingly, with each party bearing its own costs and attorneys' fees.

OLSON & BURNS P.C.

Dated: November , 2026

By: /s/ Ryan G. Quarne
Ryan G. Quarne (ID #07618)
17 First Avenue SE
PO Box 1180
Minot, ND 58702-1180
Phone: (701) 839-1740
rgquarne@minotlaw.com
Counsel for the Plaintiff

THE DAKOTA BANKRUPTCY FIRM

Dated: November , 2026

By: /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 970-2770
christianna@dakotabankruptcy.com
*Counsel for the Defendant*

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF WILLIAMS | NORTHWEST JUDICIAL DISTRICT |

| | |
|---|---|
| Beacon Sales Acquisitions, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Windsong Contracting, LLC, and Michael Dolbec<br><br>Defendants | Case No.: 53-2024-CV-000821<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT** |

[¶1] Based upon the stipulation of Beacon Sales Acquisitions, Inc., Windsong Contracting, LLC and Michael Dolbec, the Court makes the following Finding of Fact, Conclusions of Law, and Order for Judgment:

**<u>FINDINGS OF FACT</u>**

[¶2] Beacon Sales Acquisitions, Inc. ("Beacon") is in the business of supplying building materials to contractors and individuals to complete construction projects.

[¶3] Windsong Contracting, LLC ("Windsong") is an entity that constructs buildings such as residential homes in the State of North Dakota.

[¶4] On or about April 22, 2022, Beacon and Windsong entered into a Credit Application and Business Credit Agreement whereby Beacon agreed to allow Windsong to purchase various construction materials on credit at its facilities. A true and correct copy is on file with the Court, and is incorporated by reference herein.



EXHIBIT
B

[¶5] Throughout the course of its business relationship, Windsong purchased construction materials from Beacon having good and considerable value in the amount of $231,501.29. Windsong has not paid Beacon the amount due and owing.

[¶6] The parties have stipulated that the above amount is due and owing, and have otherwise dismissed with prejudice Windsong's counterclaims and Beacon's claims against Michael Dolbec individually.

## CONCLUSIONS OF LAW

[¶7] From the foregoing Findings of Fact, the Court now makes the following Conclusions of Law.

[¶8] The Court has jurisdiction over the subject matter of this action and of that of the parties.

[¶9] Beacon and Windsong had a valid contract, and Windsong is liable to Beacon under the contract in the amount of $231,501.29 and has not paid the amount due and owing. As a result, Beacon is entitled to damages in the amount of $231,501.29.

## ORDER FOR JUDGMENT

[¶10] Let Judgment be entered accordingly.

BY THE COURT:

______________________________
Judge of the District Court

STATE OF NORTH DAKOTA — IN DISTRICT COURT

COUNTY OF WILLIAMS — NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| Beacon Sales Acquisitions, Inc., Plaintiff, v. Windsong Contracting, LLC, and Michael Dolbec Defendants. | Case No.: 53-2024-CV-000821 **JUDGMENT** |

[¶1] This matter came before the Court pursuant to the parties' Stipulation for Entry of Judgment.

[¶2] The Court, having been duly advised in the premises, having considered the stipulation, and having made its Finding of Fact, Conclusion of Law, and Order for Judgement.

[¶3] NOW, THEREFORE, upon motion of Olson & Burns P.C., attorneys for the Plaintiff,

IT IS ADJUDGED, DETERMINED, AND DECREED:

[¶4] That Beacon Sales Acquisitions, Inc. is entitled to a money judgment against the Defendant, Windsong Contracting, LLC, in the amount of $231,501.29, plus post-judgment interest at the rate provided for under North Dakota law. Payment received by Beacon Sales Acquisitions, Inc. on account of the judgment entered against Michael P. Dolbec in Adv. No. 25-07022 in the United States Bankruptcy Court for the District of North Dakota shall be credited against this judgment.

BY THE COURT:

____________________________________

Clerk the District Court