IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re:<br><br>Michael P. Dolbec<br><br>Debtor. | ) | Case No. 25-30154<br>(Chapter 7) |
| Beacon Sales Acquisitions, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Michael P. Dolbec<br><br>Defendant. | ) | Adv. Case No. 25-07022 |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND ENTER STIPULATED JUDGMENT**

Come now Beacon Sales Acquisitions, Inc. ("Beacon" or the "Plaintiff") and Michael P. Dolbec ("Dolbec" or the "Defendant"), by and through their respective counsel, jointly move, pursuant to D.N.D. Bankr. Rule 7007-1, for approval of the settlement agreement and mutual release (the "Agreement"), attached hereto as Exhibit A, and entry of the proposed stipulated judgment, and in support thereof state as follows:

1. Dolbec commenced the above-captioned chapter 7 bankruptcy case, and Beacon commenced this adversary proceeding seeking a determination that certain indebtedness allegedly owed by Dolbec is nondischargeable. Dolbec disputes Beacon's allegations and denies liability.

2. Beacon, Dolbec, and Windsong Contracting, LLC ("Windsong") entered into the Agreement on 11.19.26.

3. Under the Agreement, Dolbec will pay Beacon $12,500.00 (the "Settlement Obligation") in twelve consecutive monthly installments—eleven installments of $1,041.67 and a

final installment of $1,041.63—beginning December 1, 2026 and concluding November 1, 2027. No interest will accrue while Dolbec complies with the Agreement, and Dolbec may prepay without penalty.

4. Dolbec consents to entry of a judgment in favor of Beacon in the amount of the Settlement Obligation, reduced by each payment actually received and finally retained by Beacon, and to a determination that the unpaid balance is nondischargeable in the bankruptcy case. He does do without admitting fraud, wrongdoing, willful or malicious conduct, or other liability, and the stipulated judgment will contain no finding of fraud, false pretenses, false representation, or willful and malicious injury.

5. The Agreement is conditioned upon entry of both an order approving it and the stipulated judgment, which will resolve and dismiss with prejudice Beacon's claims against Dolbec, subject to Beacon's continuing rights under the Agreement and the stipulated judgment.

6. The Agreement is part of a global resolution that also addresses *Beacon Sales Acquisitions, Inc. v. Windsong Contracting, LLC et al.*, Case No. 53-2024-CV-00821, pending in the District Court of Williams County, North Dakota (the "State-Court Action"). Following entry of the order approving the Agreement and the stipulated judgment, Beacon's claims against Dolbec in the State-Court Action and Windsong's counterclaims against Beacon will be dismissed with prejudice, and Windsong will consent to entry of judgment in favor of Beacon on Beacon's breach-of-contract claim.

7. Each payment Beacon receives from Dolbec will be credited against the judgment entered against Windsong, and Beacon may not recover from Dolbec, whether under his personal guaranty or any other theory, any amount exceeding the Settlement Obligation. Except for the Settlement Obligation, any debt Dolbec owed Beacon as of the commencement of the bankruptcy case remains subject to Dolbec's discharge. The Agreement further provides for mutual releases

among Beacon, Dolbec, and Windsong, excluding the obligations created by the Agreement and any independent claim Windsong may hold against the manufacturer of the materials at issue. The release by Dolbec is limited to his own interest and does not bind the Chapter 7 trustee.

8. The Agreement avoids the expense, delay, and uncertainty of continued litigation while establishing definite payment and enforcement obligations. It is reasonable in light of the amount in controversy, the difficulties attending collection, and the uncertainty inherent in the dispute. Nor does the Agreement draw upon property of the estate; the Settlement Obligation will be satisfied from Dolbec's post-petition resources, leaving the interests of the estate and its creditors unaffected.

9. No stipulation or settlement agreement in an adversary proceeding is effective unless approved by the Court. D.N.D. Bankr. Rule 7007-1(G). The parties accordingly seek the Court's approval and, contemporaneously with the filing of this Motion, are serving notice of the Motion, affording 21 days to respond, upon all parties appearing in this adversary proceeding, the Chapter 7 trustee, and the United States Trustee. *Id.*

WHEREFORE, Beacon and Dolbec respectfully request that the Court (i) approve the Agreement; (ii) authorize the parties to perform their respective obligations under the Agreement; (iii) enter the separately submitted stipulated judgment determining that the Settlement Obligation is excepted from discharge in Dolbec's bankruptcy case on the claims asserted in Beacon's complaint under 11 U.S.C. § 523(a), by Dolbec's consent and without any finding of fraud, false pretenses, false representation, or willful and malicious injury; (iv) dismiss with prejudice Beacon's claims in this adversary proceeding, subject to the continuing terms of the Agreement and the stipulated judgment; and (v) grant such other relief as the Court deems appropriate.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served electronically upon filing via the ECF system on this 20th day of November, 2026

OLSON & BURNS P.C.

/s/ Ryan G. Quarne
Ryan G. Quarne (ID #07618)
Attorney for Plaintiff
17 First Avenue SE
P.O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
rgquarne@minotlaw.com

The Dakota Bankruptcy Firm

/s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
Christianna@dakotabankruptcy.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT COURT OF NORTH DAKOTA**

* * * * *

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30154 |
| | ) | |
| | ) | (Chapter 7) |
| Michael P. Dolbec | ) | |
| | ) | |
| Debtor. | ) | |
| Beacon Sales Acquisitions, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 25-07022 |
| | ) | |
| v. | ) | |
| | ) | |
| Michael P. Dolbec | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION TO APPROVE SETTLEMENT AGREEMENT AND ENTER STIPULATED JUDGMENT

PLEASE TAKE NOTICE:

That the Joint Motion to Approve Settlement Agreement and Enter Stipulated Judgment made by the parties, has been submitted to the Court for its consideration under Rule 7007-1 of the District of North Dakota Local Rules. Parties adverse to this Motion shall have twenty one (21) days after the service of this Motion, Notice of the Motion, and Brief within which to serve and file an answer brief or other supporting papers. Upon filing of briefs or upon expiration of the time for filing, the Motion is deemed submitted, heard, and taken under advisement by the Court,

unless counsel for any party who has timely served and filed a brief requests oral argument or the taking of testimony on the Motion.

Dated this 19th day of November, 2026

OLSON & BURNS P.C.

*/s/ Ryan G. Quarne*

Ryan G. Quarne (ID #07618)
Attorney for Plaintiff
17 First Avenue SE
P.O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
rgquarne@minotlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT COURT OF NORTH DAKOTA**

* * * * *

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30154 |
| | ) | |
| | ) | Chapter 7 |
| Michael P. Dolbec | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Beacon Sales **Acquisitions**, Inc. | ) | Adversary Proceeding No. 25-07022 |
| | ) | |
| | ) | |
| Plaintiff. | ) | |
| vs. | ) | |
| | ) | |
| Michael P. Dolbec | ) | |
| | ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

## (11 U.S.C. 523(A)(2) AND 523(A)(6))

I, the undersigned, hereby certify that a true and correct copy of **(1) Notice of Motion to Approve Settlement Agreement and Enter Stipulated Judgment (2) Joint Motion to Approve Settlement Agreement and Enter Stipulated Judgment (3) Settlement Agreement (4) Proposed Order (5) Proposed Judgment this Certificate of Service** was served on the 20th day of November, 2026 by mail and email upon the following:

Gene W. Doeling
Bankruptcy Trustee
PO Box 9231
Fargo, ND 58106
gene@kdlawpartners.com

U.S. Trustee
Robert B. Raschke
Assistant U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
USTPRegion12.SX.ECF@usdoj.gov

Dated this 20th day of November, 2026

OLSON & BURNS, P.C.

*/s/ Ryan G. Quarne*

Ryan G. Quarne (ND Bar #07618)
Attorney for Beacon Sales Acquisitions, Inc.
PO Box 1180
Minot, ND 58702-1180
(701) 839-1740
rgquarne@minotlaw.com